IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SUE B. MACY,                               )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )    Case No. CIV-12-389-M
                                           )
CONSECO LIFE INSURANCE                     )
COMPANY,                                   )
                                           )
        Defendant.                         )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, 1441 and 1446, Defendant Conseco Life

Insurance Company ("Conseco Life") hereby removes the above-captioned

action from the District Court of Cleveland County, State of Oklahoma, to the

United States District Court for the Western District of Oklahoma.  In support of

removal, Conseco Life states as follows:

1.      On or about March 14, 2012, Plaintiff commenced an action in the

District Court of Cleveland County, Oklahoma, entitled *Macy v. Conseco Life*

*Insurance Company*, as Case No. CJ-2012-397-TS (the "State Court Action").  A

true copy of all process, pleadings and orders in the State Court Action are

attached hereto as Exhibit 1.

1

2.    Conseco Life was first served with the summons and a copy of the Petition in the State Court Action through the Oklahoma Insurance Commissioner on or about March 22, 2012.  A copy of the summons is included in Exhibit 1, attached hereto.

3.    The Western District of Oklahoma includes the state judicial district in which Plaintiff filed her Petition.

4.    This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441.  Plaintiff is a resident and citizen of the State of Oklahoma.  (Petition, at ¶ 1.)  Conseco Life is an Indiana corporation with its principal place of business in Carmel, Hamilton County, Indiana, and is, therefore, a citizen of the State of Indiana under 28 U.S.C. §1332(c)(1).   (Petition, at ¶ 2; Aff. of Karl Kindig, attached hereto as Exhibit 2.)

5.    The amount in controversy exceeds $75,000, exclusive of interest and costs.  The amount in controversy exceeds $75,000 insofar as the Petition seeks "emotional distress and other consequential damages . . . in excess of $10,000," punitive damages "in excess of $10,000," and attorney fees. (*See* Petition, ¶¶ 20,

22, and Prayer for Relief.) The Petition asserts a single cause of action for breach

of good faith and fair dealing in the handling of a claim on an insurance policy.

(*See* Petition, at ¶¶ 14-22.)

      6.     The alleged basis of Plaintiff's insurance bad faith claim is stated as

follows:

> 11. Although Plaintiff complied with all of the requests of
> Defendant, Defendant improperly denied the balance of
> Plaintiff's cancer radiation claim in the sum of $4,962.25, the
> policy limits, for reasons not allowed under said cancer
> insurance policy.
> 12. Defendant refused to consider the nature and extent of
> Plaintiffs' loss and specifically rejected the opportunity to
> consider and properly evaluate Plaintiffs' proof of loss by
> utilizing the executed medical authorization which Plaintiff
> previously provided.

(*See* Petition, ¶¶ 11-12.)

    7.    Plaintiff alleges, as the specific basis for punitive damages, that:

> 17. Its duty of good faith and fair dealing notwithstanding,
> Defendant has intentionally, willfully, maliciously, and/or in
> reckless disregard of the rights of the Plaintiff, unreasonably failed
> to fully pay the claim presented. Further, such conduct exhibited by
> Defendant was intentional and with malice **and constitutes conduct
> that was life threatening.**

(*See* Petition, ¶ 17.)

8.    Conseco Life denies the operative allegations of the Petition but, if proven true, the facts alleged in the Petition would result in an award in favor of Plaintiff in excess of $100,000 under Oklahoma law.  While the unpaid policy benefits alleged in the Prayer for Relief amount to $4,962.25, Plaintiff specifically alleges emotional distress arising from the alleged intentional denial of policy benefits. (*See* Notice of Deposition, included in Exhibit 1.)  Further, Plaintiff served with the Petition a wide range of written discovery. (*See* Plaintiff's Request for Admissions, Interrogatories and Request for Production of Document, included in Exhibit 1.)  The Oklahoma punitive damages statute, upon proof of "reckless disregard" in the context of an insurance bad faith claim, permits recovery of punitive damages up to $100,000 without regard to proof of actual damages.  Upon proof of "life-threatening" conduct, there is no cap on punitive damages.  OKLA. STAT. tit. 23, § 9.1(B).  In addition, among the factors the jury may consider in awarding punitive damages is the wealth of the defendant. *Id.*  As of December 31, 2011, Conseco Life had a "surplus" (net worth) of $113,237,890. (*See* Annual Statement of Conseco Life Insurance Company for the Year Ended December 31, 2011 at p. 3, line 37, attached hereto as Exhibit 3.)

9.    Two recent decisions in this District illustrate the legal principles to be applied in assessing the amount in controversy. In *Gulley v. Farmers Ins. Co.* 2008 U.S. Dist. LEXIS 40666 (W.D. Okla. May 21, 2008), the Court denied a motion to remand an insurance bad faith action to state court, stating:

> In considering whether a punitive damages claim will make the amount in controversy meet the jurisdictional requirement, the Supreme court has stated that the issue is "whether it is apparent to a legal certainty from the complaint that [plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [jurisdictional amount]." *Bell [v. Preferred Life Assur. Society,], 320 U.S.[238] at 240-41.*[1]

*Id.* at *1-2.

Similarly, in *Calhoon, M.D. v. Cimarex Energy Corporation, Inc.* 2011 U.S. Dist. LEXIS 100195 (W.D. Okla. Sept. 6, 2011), the Court, quoting the Tenth Circuit in *Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1213, 1216-17 (10th Cir. 2003),* stated

> The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied. . . . Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law

[1] The Court did not consider evidence of broad discovery served by the plaintiff because it was not included in the petition or notice of removal but noted that, if such discovery were considered (as it should be in this case because it is included in the Notice of Removal), it would "fortify the result reached in this order." *Id.* at fn. 1.

limits the amount recoverable, or when there is an obvious abuse
of federal court jurisdiction.

*Calhoon*, 2011 U.S. Dist. LEXIS 100195, at *5, n. 2.

There is nothing in this case which would necessarily limit Plaintiffs to a recovery of $75,000 or less. The Petition is pled so as to allow a maximum recovery, even though Plaintiff failed to comply with Okla. Stat. tit. 12, § 2008, which requires the plaintiff to affirmatively state whether the claim at issue exceeds $75,000:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.

OKLA. STAT. tit. 12, § 2008.

In *Slover v. The Equitable Variable Life Ins. Co.* 443 F.Supp.2d 1272, 1278 (N.D. Okla. 2006), the Court, commenting on the plaintiff's failure to comply with an earlier version of § 2008, observed that "an inference could be made that Plaintiffs were deliberately attempting to obscure the true amount in

6

controversy." There is plainly more than $75,000 at issue in this case, and this Court, therefore, has subject matter jurisdiction.

10.     Contemporaneous with Defendant's filing of this Notice, Defendant will serve written notice to Plaintiff's counsel of the filing, as required by 28 U.S.C. §1446(d).

11.     Defendant likewise will file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

## CONCLUSION

**WHEREFORE,** Defendant Conseco Life Insurance Company respectfully requests that the State Court Action be removed from the District Court for Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and proceed as an action properly removed thereto.

Respectfully submitted,

**William W. O'Connor**, OBA No. 13200
**Lindy H. Collins**, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
2700 Bank of America Center
15 West Sixth Street
Tulsa, Oklahoma  74119-5423
(918) 587-0101
(918) 587-0102 (facsimile)
boconnor@newtonoconnor.com
lcollins@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT,
CONSECO LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was sent via United States Mail this 10th day of April, 2012 to the following:

David Bernstein
Bernstein Law Building
PO Box 1692
104 W. Gray St.
Norman, OK  73070

Joseph Acquaviva, Jr.
Wilson, Cain & Acquaviva
300 Northwest 13th St., Ste. 100
Oklahoma City, OK  73103

William W. O'Connor