# EXHIBIT 1c

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED In The
Office of the Court Clerk

MAR 14 2012

DOCKET_____PAGE_____RECORDED
Rhonda Hall, Court Clerk
_____ DEPUTY

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

SUE B. MACY, )
)
Plaintiff, )
)
vs. ) No. CJ-2012-397-TS
)
CONSECO LIFE INSURANCE )
COMPANY, )
)
Defendant. )

## PETITION

Plaintiff alleges and states:

1. Plaintiff is a resident of the City of Norman, County of Cleveland, State of Oklahoma.

2. Defendant is an insurance company with its home office domiciled in Indiana. Its service agent is located in Oklahoma County, Oklahoma.

3. On January 7, 1993, Plaintiff purchased from Transport Life Insurance Company a cancer policy, policy number HB 362117.

4. At some point in time prior to 2001, said cancer policy, policy number HB 362117, became insured by Conseco Senior Health Insurance Company. It is unclear whether Conseco Senior Health Insurance Company took over Transport Life Insurance Company or else said policy was assigned to Conseco Senior Health Insurance Company. In any event, Plaintiff continued making premium payments to keep said cancer policy in effect.

5. At some point in time prior to 2009, Conseco Senior Health Insurance Company was renamed to Senior Health Insurance Company of Pennsylvania. On November 12, 2008, the Pennsylvania Insurance Department approved the transfer of Senior Health Insurance Company of Pennsylvania from Conseco, Inc. affiliates to the

Senior Health Care Oversight Trust. Additionally, Senior Health Insurance Company of Pennsylvania entered into an assignment agreement with Conseco Life Insurance Company regarding certain policies of insurance, including said cancer policy, policy number HB362117. In any event, Plaintiff continued making premium payments to keep said cancer policy in effect.

6. According to said cancer insurance policy purchased in 1993, policy number HB362117, Defendant agreed to pay actual charges, not to exceed $10,000.00 during a calendar year, for radiation received in or out of the hospital, when used for the purposes of modification or destruction of abnormal tissue as well as chemical substances, including chemicals used in chemotherapy, immunotherapy and hormonal therapy, and their administration received in or out of the hospital, when used for the purpose of modification or destruction of abnormal tissue. The only charges excluded from coverage are "physical examinations, checkups, treatment planning, diagnostic x-ray or other laboratory tests related to the therapy."

7. The marketing brochure provided to Plaintiff regarding said cancer policy states "CASH BENEFIT PAYMENTS MADE DIRECTLY TO YOU OR TO ANYONE YOU CHOOSE... Paid in ADDITION to any other insurance including Medicare."

8. On December 17, 2011 Defendant's claim department received from Plaintiff a Cancer Claim Form signed by Plaintiff dated 12-10-2011, a medical authorization signed by Plaintiff dated 12-10-2011, a vaginal mass biopsy report from the OU Medical Center Laboratory dated 10/5/2011 showing that Plaintiff has cancer, and a vaginal tissue examination report from Pathology Consultation Services dated 9/23/2011 showing that Plaintiff has cancer. The Cancer Claim Form stated "Initial Notice of CLAIM - currently receiving radiation treatments. Path Lab Reports End."

2

9. Prior to February 10, 2012, itemized medical bills from OU Medicine Radiation Oncology Department dated between October 6, 2011 and December 16, 2011 totaling the sum of $19,403.01, and itemized medical bills from OU Medical Center dated between October 6, 2011 and October 31, 2011 totaling the sum of $19,931.50 for "RADIATION THERAPY OUPB" were received by Defendant's claim department.

10. On February 10, 2012, Defendant sent to Plaintiff in Cleveland County, Oklahoma, a check for the sum of $5,037.75 to pay in full Plaintiff's radiation cancer claim pursuant to policy number HB 362117 from the OU Medical Center for cancer radiation treatment provided on October 19, 24 and 31, 2011. The remainder of Plaintiff's claim for cancer radiation expenses incurred between October 6, 2011 through December 16, 2011, was denied. Defendant advised Plaintiff in writing that the only reason the remainder of Plaintiff's radiation cancer claim was being denied was because the Cancer insurance policy does not pay for "simulation, teletherapy, office visit, special treatment procedure, treatment devices, dosimetry, weekly management, stereoscopic xray guidance and dosimetry. Your CANCER insurance only pays for the expenses listed in your policy. Unfortunately, the expense you submitted is not one of the listed policy benefits. Therefore, no benefits can be paid."

11. Although Plaintiff complied with all of the requests of Defendant, Defendant improperly denied the balance of Plaintiff's cancer radiation claim in the sum of $4,962.25, the policy limits, for reasons not allowed under said cancer insurance policy.

12. Defendant refused to consider the nature and extent of Plaintiffs' loss and specifically rejected the opportunity to consider and properly evaluate Plaintiffs' proof of loss by utilizing the executed medical authorization which Plaintiff previously provided.

3

13. The individual claim representatives, customer service representatives, underwriting representatives, corporate support personnel and/or other personnel who communicated with, investigated, evaluated and ultimately wrongfully denied part of Plaintiff's claim for benefits are employees of the Defendant and/or were acting at the direction and under the ultimate supervision of the Defendant.

14. In addition to the express terms of the insurance contract, by operation of law, Defendant has a duty to act in good faith and fair dealing regarding its performance under said insurance policy.

15. Defendant has a duty to act in good faith and fair dealing when dealing with an insured to take reasonable steps to ensure that the claim presented under the insurance policy is handled in good faith so as to fulfill its promise of protection of the insured and her family.

16. In denying part of Plaintiff's claim for benefits Defendant breached its duty of good faith and fair dealing.

17. Its duty of good faith and fair dealing notwithstanding, Defendant has intentionally, willfully, maliciously, and/or in reckless disregard of the rights of the Plaintiff, unreasonably failed to fully pay the claim presented. Further, such conduct exhibited by Defendant was intentional and with malice and constitutes conduct that was life threatening.

18. Defendant is responsible for the conduct of its employees and the employees of any affiliates, sub-agents or representatives.

19. The duty of good faith and fair dealing which Defendant owes to its insured is non-delegable under Oklahoma law.

20. As a result of Defendant's failure to properly and fully pay the cancer radiation claim, Plaintiff has sustained emotional distress and other consequential damages.

21. Defendant's intentional refusal to promptly and fully pay the radiation cancer claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the policy for which Plaintiff paid for almost 20 years.

22. As a proximate result of Defendant's breach of good faith and fair dealing, Defendant's intentional refusal to promptly and fully pay the radiation cancer claim, Defendant's consequential breach of the implied-in-law duty of good faith and fair dealing, and Defendant's breach of contract, Plaintiff has sustained actual damages in the sum of $4,962.25, consequential damages in excess of $10,000.00, and punitive damages in excess of $10,000.00.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual damages of $4,962.25, consequential damages in excess of $10,000.00, punitive damages in excess of $10,000.00, attorney fees, interest, and costs.

BERNSTEIN LAW FIRM

By_____
DAVID BERNSTEIN, OBA #010207
Bernstein Law Building
P. O. Box 1692 * 104 W. Gray St.
Norman, Oklahoma 73070
Phone: (405) 329-1484
FAX: (405) 329-5949
www.USASafetyLawyer.com
DBNormanOK@aol.com

-and-

5

JOSEPH ACQUAVIVA, Jr., OBA #11743  
Wilson, Cain & Acquaviva  
300 Northwest 13th Street, Suite 100  
Oklahoma City, Oklahoma 73103  
Phone: (405) 236-2600  
FAX: (405) 236-2607  
JTAcqua@aol.com  

*ATTORNEYS FOR PLAINTIFF*

ATTORNEY LIEN CLAIMED  
120314 1500 Macy Petition.wpd