### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUE B. MACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-389-M |
| | ) |
| CONSECO LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This case is set on the Court's February 2013 trial docket.

Before the Court are Plaintiff's Motion for Summary Judgment on Undisputed Issues of Law and Defendant Conseco Life Insurance Company's Motion for Summary Judgment. Both parties have timely responded and filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

This bad faith breach of contract action arises as a result of a claim being submitted by plaintiff on a Cancer Income Policy ("Policy") sold to plaintiff by Transport Life Insurance Company which was eventually taken over by defendant. The Policy provides a daily benefit when the insured is confined in the hospital due to cancer. The Policy in this case also provides optional benefits to include benefits for Hospital Medical Surgical Benefits and Radiation Therapy and Chemotherapy Benefits. The Policy provides a benefit of 100% of actual charges submitted up to $10,000.00 per calendar year for covered expenses. The Policy includes a Radiation Therapy and Chemotherapy Benefit Rider which provides:

>We will pay the actual charges, not to exceed the calendar year benefit amount selected on the most current Application, for:
>
>1. radiation received in or out of the hospital, when used for the purposes of modification or destruction of abnormal tissue; and
>
>2. chemical substances, including chemicals used in chemotherapy, immunotherapy and hormonal therapy, and their administration received in or out of the hospital, when used for the purpose of modification or destruction of abnormal tissue. Such drugs and chemical substances must be approved by the United States Food and Drug Administration and administered by or under the direct supervision of a physician.
>
>This benefit is not payable for physical examinations, checkups, treatment planning, diagnostic x-ray, or other laboratory tests related to the therapy.

Exhibit 3 - Defendant's Motion for Summary Judgment, Radiation Therapy and Chemotherapy Benefit Rider.

In September 2011, plaintiff, at age 81 years, was diagnosed with cancer. Plaintiff underwent radiation treatment from October 6, 2011 through December 16, 2011. The procedure set out in the Policy for submitting a claim is as follows:

>NOTICE OF CLAIM: Written notice of claim must be given within 30 days after a covered loss starts or as soon as reasonably possible. Send this notice to us at our Home Office. Include your name and policy number.
>
>CLAIM FORMS: After we receive notice of claim, we will send you claim forms within 15 days. If we do not, you will meet the proof of loss requirements by giving us a written statement of the nature and extent of the loss within the time stated in the Proofs of Loss Provision.
>
>PROOF OF LOSS: For any covered loss, proof must be sent to us within 90 days. If is not reasonably possible to give the proof within 90 days, your claim is not affected if the proof is sent as soon as

> possible. In any event, unless you are legally incapable of furnishing proof and have no one to furnish proof for you, proof of loss must be furnished within one year from the date it is otherwise due.
>
> TIME OF PAYMENT OF CLAIMS: Benefits for any loss covered by this policy will be paid as soon as we receive proper written proof.
>
> PAYMENT OF CLAIMS: All benefits under this policy will be payable to you. Any benefits unpaid at your death will be paid to your estate.

On December 17, 2011, defendant received the Conseco Life's Cancer Claim Form ("Claim Form") signed by plaintiff on December 10, 2011. The Claim Form requested that plaintiff be sure to include a "positive pathology report" and "itemized bills form from facility including diagnosis and/or procedure codes and charge amounts". *See* Exhibit 5 - Defendant's Motion for Summary Judgment - Cancer Claim Form. As directed, plaintiff listed on the submitted Claim Form contact information for her treating physicians, enclosed a positive pathology report and noted "pending" as to the requested itemized bills. *Id.* On December 20, 2011, defendant wrote plaintiff acknowledging receipt of part of her claim and requested the physician's itemized bill for the September 23, 2011 surgery. Defendant informed plaintiff that servicing her claim would be delayed until the requested information was received and that if she had any questions to call the Claim Review Department. The record does not reflect that plaintiff ever tried to contact defendant about her concerns. Defendant wrote two subsequent letters, dated January 10, 2012 and January 24, 2012, both requesting the physician's itemized bill. *See* Exhibits 7 & 8 - Defendant's Motion for Summary Judgment - Second Request, page 2 and January 24, 2012 letter from Conseco Life Insurance Company, page 2. The January 24, 2012, letter also informed plaintiff that because the requested information had not been received her file was being closed and to "please write" the Claim Department if there are other facts that should be considered. *Id.* On February 1, 2012,

plaintiff submitted by facsimile itemized medical bills from OU Medicine Radiation Oncology reflecting total charges of $31,326.25.  *See* Exhibit 9 - Defendant's Motion for Summary Judgment - OU Medicine Individual Patient Billing, pages 3-8.  On February 10, 2012 defendant generated a check to plaintiff in the amount of $5,037.75 for services rendered October 19, 24 and 31, 2011 at OU Medicine Radiation Oncology.  Defendant stated in its February 10, 2012 letter to plaintiff:

> We have received your claim for simulation, teletherapy, office visit, special treatment procedure, treatment devices, dosimetry, weekly treatment management, stereoscopic xray guidance, and dosimetry dated 10-6-11 to 12-16-11.  Your CANCER insurance only pays for the expenses listed in your policy.
>
> Unfortunately, the expense you submitted is not one of the listed policy benefits.  Therefore, no benefits can be paid.
>
> If you feel there are other facts that we should consider, please write: Conseco Life Insurance Company, Claim Review Department, at the above address.

*See* Exhibit 10 - Defendant's Motion for Summary Judgment - February 10, 2012 letter from Conseco Life Insurance Company page 2. In its February 10, 2012 letter, defendant again requested a physician's statement relative to plaintiff's September 23, 2011 surgery.

On March 14, 2012 plaintiff filed this action in the Oklahoma County District Court. Plaintiff seeks to recover actual and punitive damages based on her claims of breach of contract, negligence and bad faith.  On April 10, 2012, defendant filed a Notice of Removal with this Court. Both parties now seek summary judgment on plaintiff's claim of bad faith.  Defendant also seeks a finding that there is no evidence of life-threatening conduct on the part of defendant.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904. The court further stated:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.

> We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 904-05.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437. The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination. *Oulds*, 6 F.3d at 1436. The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the

> facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortuous. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortuous conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendant acted in bad faith and violated its duty to deal fairly and act in good faith with plaintiff. Specifically, the Court finds that construing all of the evidence submitted in favor of plaintiff, she has simply not established what might reasonably be perceived as tortuous conduct on the part of defendant. Having reviewed all of the evidence, the Court finds that there is simply a legitimate dispute between the parties concerning the value of plaintiff's claim for cancer benefits.

Particularly, the Court finds that defendant's request for itemized physician bills is not evidence of bad faith. The policy of insurance involved in this case expressly provides: "TIME OF PAYMENT OF CLAIMS: Benefits for any loss covered by this policy will be paid as soon as we receive proper written proof." *See* Defendant's Motion for Summary Judgment Exhibit 1, - Transport Life Insurance Company Insurance Policy, page 8. In this case, on December 10, 2011, plaintiff notified defendant that the requested itemized physician bills were pending; the Court finds it was reasonable for defendant to expect that the pending itemized bills would be submitted by plaintiff upon receipt. Thus, under the policy, it was reasonable for defendant to wait for plaintiff to submit the pending itemized physician bills rather than attempt to utilize the medical

authorization.

Further, the Court finds that plaintiff has not submitted evidence showing that defendant deliberately ignored plaintiff's claim for simulation, teletherapy, office visits, special treatment procedures, treatment devices, dosimetry, weekly treatment management, stereoscopic xray guidance or dosimetry but rather decided these expenses were not covered under plaintiff's Cancer Policy.  In its February 10, 2012 letter to plaintiff, defendant explains that upon its review of the Policy these expenses are not covered and will not be paid.  *See* Exhibit 10 - Defendant's Motion for Summary Judgment - February 10, 2012 letter from Conseco Life Insurance Company, page 2. The Court also finds the investigation conducted by defendant in this particular case does not rise to the level of bad faith.  While defendant did have access to plaintiff's medical authorization, the Court finds it reasonable for defendant, after being informed by plaintiff that the requested itemized bills were pending, to write plaintiff two letters requesting additional information.  Additionally, the Court finds that plaintiff has not presented any evidence to show that defendant intentionally, willfully, maliciously, and/or in reckless disregard of plaintiff's right failed to pay all of the claims available to plaintiff. Once plaintiff submitted the requested written documentation on February 1, 2011, defendant reasonably paid all claims it thought plaintiff was entitled to on February 10, 2011. Further, the Court finds that plaintiff has not presented any evidence of any life threatening conduct by defendant.  While plaintiff does suffer from a life threatening ailment, payments under the Policy are supplemental and are not to pay for medical treatment.

Accordingly, based upon the above, the Court finds that defendant is entitled to summary judgment as to plaintiff's bad faith claim.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS Defendant Conseco Life Insurance Company's Motion for Summary Judgment [docket no. 46] and DENIES Plaintiff's Motion for Summary Disposition on Undisputed Issues of Law [docket no. 41].

**IT IS SO ORDERED this 30th day of January, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE